**Brian Keith THOMAS**

**No. 2015–K–1108**

Supreme Court of Louisiana.

11/18/2016

PER CURIAM:

Denied. Moot. *See State v. Thomas*, 15–1110 (La. 11/18/16), 206 So.3d 866.

2015-1970 (La. 1/13/17)

**STATE EX REL. Allen Jamel ROBINSON**

v.

**STATE of Louisiana**

**No. 15-KH-1970**

Supreme Court of Louisiana.

01/13/2017

PER CURIAM:

Denied. Relator fails to show he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator also fails to show counsel interfered with his desire to testify. La.C.Cr.P. art. 930.2. Finally, relator's claim regarding the form of the indictment is without merit.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.